IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DANIEL NEAL, <br> TDCJ-CID No. 01624027, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN FOLEY, *et al.*, <br><br> Defendants. | § § § § § § § § § § § | 2:17-CV-232-Z |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Plaintiff Daniel Neal, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, has filed suit pursuant to 42 U.S.C § 1983 complaining against the above-referenced Defendants and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's civil rights Complaint is DISMISSED.

**BACKGROUND**

Plaintiff's claims in this lawsuit arise from his filing of a "Retaliation Disciplinary Appeal Grievance." His claims, however, are closely tied to the facts in his prior lawsuit, dismissed by this Court on February 6, 2020, in No. 2:17-CV-149-Z (dismissing Plaintiff's claims of retaliation for receiving a disciplinary case for making a false Prison Rape Elimination Act "PREA" claim). Plaintiff asserts he filed his disciplinary appeal grievance, the subject of this suit, on July 10, 2017.

According to the Amended Complaint, Defendant Jade Gonzales, the TDCJ Unit Grievance Investigator, illegally returned his grievance with the comments "grievable time has

expired" and "excessive attachments." *See* ECF No. 20 at 6. When Plaintiff attempted to resend the grievances, it was returned as "redundant." *Id.* at 7. Plaintiff claims Gonzales knew that Plaintiff was attempting to locate tracking numbers for his grievances and "participated in the retaliation" by her failure to provide him the tracking information. *Id.*

Defendant B. Barnett signed the Step 2 denial of Plaintiff's grievance. *Id.* at 8. Plaintiff alleges knowledge of Barnett's involvement in the denial of his grievance was originally withheld and Barnett improperly failed to put his credentials on the Step 2 denial. *Id.* Further, Plaintiff argues he was originally provided the wrong mailing address for his grievance. *Id.* As such, Plaintiff argues Barnett participated in the retaliation by his failure to adequate investigate Plaintiff's grievance and by his procedural failures as part of the grievance process. *Id.*

Plaintiff asserts that Defendants Michael Venable and Damon Andrews were parties to the original "retaliation" claims concerning the disciplinary offense Plaintiff received for making a false statement during a PREA investigation. *Id.* at 9. The claims against these two Defendants are entirely duplicative of the claims in the previous lawsuit that was dismissed by this Court. *See Neal v. Andrews*, No. 2:17-CV-149-Z, ECF No. 3 (dismissing claims against Venable and Andrews).

Warden Kevin Foley is sued in his supervisory capacity and the Amended Complaint does not list specific actions taken by Foley as part of the denial of his grievances. *See generally* ECF No. 20.

**LEGAL STANDARDS**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is

frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

A complaint that duplicates claims asserted in an earlier action may be deemed malicious and subject to summary dismissal. *See Brock v. Cockrell*, No. 3-03-CV-0340-M, 2003 WL 21418792 at *1 (N.D. Tex. Mar. 26, 2003) (Kaplan, J.) (citing cases). Consequently, Plaintiff's claims against Defendants Venable and Andrews are summarily dismissed as duplicative under 28 U.S.C. § 1915A(b); *see also Pitman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989).

Plaintiff claims that Defendant Gonzales and B. Barrett failed to adequately investigate his complaints and grievances and failed to protect his constitutional rights. "[A] prisoner has a liberty interest only in 'freedom[s] from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). A prisoner does not have a constitutionally protected interest in having his complaints and grievances resolved to his

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Therefore, Plaintiff's claims against these Defendants do not state a constitutional claim and should be dismissed.

Further, Plaintiff's claims against Defendant Foley are based entirely on supervisory liability. In § 1983 suits, liability of government officials for the unconstitutional conduct of their subordinates may not rest solely upon a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1888)); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). Thus, supervisory officials are not subject to vicarious liability under section 1983 for the acts or omissions of their subordinates. *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992).

Absent direct personal participation in the alleged constitutional violation, a plaintiff must prove that each individual defendant either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Thus, Plaintiff's claims against Defendant Foley should be dismissed with prejudice.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), it is ORDERED that the Civil Rights Complaint by Plaintiff be DISMISSED with prejudice for failure to state a claim and as duplicative.

SO ORDERED.

January 12, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4